IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA SPEARS, )<br>)<br>      **Plaintiff,** )<br>)<br>      v. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of Social Security,[1] )<br>)<br>      **Defendant.** )<br>) | No. 16 C 9242<br><br>Magistrate Judge<br>Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Sandra Spears's ("Plaintiff") claims for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. Procedural History

Plaintiff filed her application for SSI in June 2012 and her application for DIB in July 2012, alleging disability beginning in January 2012 due to glaucoma, sarcoidosis, high blood pressure, rectal cancer (stage 2) occasional diarrhea, and depression. (R. 255–62, 294.) Her applications were denied initially and again upon reconsideration. (R. 107–58.) Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ") on February 11, 2015. (R. 34–106.) Plaintiff appeared at the hearing and was represented by counsel. (*Id.*) A vocational expert and medical expert also offered testimony. (*Id.*) On March 31, 2015, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (R. 12–33.) The Appeals Council ("AC") denied review on July 28, 2016, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–6.)

## II. ALJ Decision

On March 31, 2015, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 12–33.) At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 25, 2012, her alleged onset date and met the insured status requirements of the Act through December 31, 2013. (R. 17–18.) At step two, the ALJ found that Plaintiff suffered from severe impairments of glaucoma, monocular vision, and hypertension. (R. 18)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meet or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id.*)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a light exertional level, subject to several limitations.[2] At step four, the ALJ concluded that Plaintiff was not capable of performing her past relevant work. (R. 24.) Then, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a hand packager, sorter, and information clerk. (R.26.) Because of this determination, the ALJ found that Plaintiff is not disabled under the Act. (R. 26–27.)

## DISCUSSION

### III. ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

---

[2] At this stage, the ALJ determined Plaintiff:
> can never climb ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, crawl, or climb ramps or stairs; can frequently balance; can perform no commercial driving; must avoid workplace hazards such as dangerous machinery; cannot work at unprotected heights; cannot perform work requiring fine visual acuity, such as jobs requiring reading of small print can never have head position lower than horizontal; has limited far acuity; and has limited depth perception.

(R. 18–19.)

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## IV. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir.

2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

V. **Analysis**

Plaintiff argues that the ALJ's decision should result in remand because he: (1) improperly assessed her subjective symptom allegations; (2) did not properly weigh the medical opinion evidence; (3) should have procured a different expert for the evidentiary hearing; and (4) mistakenly relied on the testimony of the vocational expert.

**A. Medical Opinion Evidence**

To begin, Plaintiff argues that the ALJ improperly weighed the medical opinion evidence provided by treating physician Dr. Christy Cunningham, M.D. Dr. Cunningham completed a questionnaire in February 2015, where she opined, among other things, that Plaintiff would not be capable of avoiding ordinary hazards in the workplace, such as boxes on the floor, doors ajar, and approaching people and vehicles, due to her vision limitations. (R. 622.) Elsewhere in her report, Dr. Cunningham also noted that she had engaged in frequent treatment of Plaintiff for five years. (*Id.*)

The ALJ assigned "limited weight" to Dr. Cunningham's opinion, in part because of her short treating relationship with Plaintiff. (R. 25.) Despite Dr. Cunningham's representation on the questionnaire that she had treated Plaintiff frequently for five years, the ALJ explained that Dr. Cunningham had become a resident at the eye clinic where Plaintiff treated in the fall of 2014, only a few months before issuing her February 2015 opinion. (*Id.*) The ALJ therefore concluded that Plaintiff's previous examinations had been completed by other residents and that Dr. Cunningham had only provided treatment on one occasion as of the date of her opinion, diminishing the weight her opinion was entitled to. (*Id.*) Plaintiff argues that the record contains no evidence that Dr. Cunningham began her residency in 2014 and that the ALJ must have obtained this evidence through an extra-record source, such as the internet.[3] Plaintiff argues this was in error.

In *Baker v. Barnhart*, 2003 WL 21058544, at *8 (N.D. Ill. May 8, 2003), the ALJ utilized extra-record evidence in the form of a medical book to determine a claimant's level of pain and discount her credibility. In remanding, the Court explained that ALJ's may rely on outside resources to clarify terms, but not to resolve claimants' issues of pain or determine their credibility. *Id.* The Court went on to state that the ALJ should have proffered the additional medical evidence to the claimant to rebut. *Id.*

Here, the ALJ used an unidentified source to obtain additional information about Dr. Cunningham's qualifications, then utilized that information to establish

---

[3] The Court notes that the Commissioner does not address this argument in her response brief.

7

that Dr. Cunningham was not a treating physician and to provide reasoning for according her findings limited weight. This is not mere clarification. Moreover, after accessing the extra-record evidence, the ALJ did not submit it to Plaintiff for review and comment. The Court finds this situation is similar to the ALJ's impermissible use of extra-record evidence in *Baker*, and as a result, believes remand is appropriate.

This is particularly necessary because the current RFC formulated by the ALJ has no limitation from ordinary workplace hazards (only one from dangerous machinery.) It is possible that adopting Dr. Cunningham's limitation, should the ALJ on remand chose to do so, could have an effect not only on the ALJ's RFC, but also the jobs available to Plaintiff in the national economy. Accordingly, the Court remands this case to the ALJ for greater clarification.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:** **June 25, 2018**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**